UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SENECA MORTGAGE SERVICING, LLC,                           Civil Action No.

                      Plaintiff,

   -against-

SN SERVICING CORPORATION and
SECURITY NATIONAL MASTER HOLDING
COMPANY, LLC,

                      Defendants.

------------------------------------------------------------------------x

## COMPLAINT

    Plaintiff, Seneca Mortgage Servicing, LLC ("Plaintiff"), by its attorneys, Rosenberg & Steinmetz PC, as and for its Complaint against SN Servicing Corporation ("SNSC") and Security National Master Holding Company, LLC ("SNMH" collectively, the "Defendants"), hereby alleges as follows:

## NATURE OF ACTION

    1.    This action concerns Defendants' failure to comply with the terms of their contractual obligation to make Plaintiff whole and/or to repurchase mortgage loans, which were required to be repurchased by the Federal National Mortgage Association ("FannieMae").

    2.    The contractual obligation to repurchase such loans is due to Defendants' breach of various representations and warranties made by Defendants as contained in the Bulk Servicing Rights Purchase and Sale Agreement, dated February 27, 2014, by and between Plaintiff's predecessor-in-interest, AMS Servicing, LLC ("AMS") as Purchaser, and SNSC, as Seller (the "Agreement").

3. Pursuant to a guaranty dated February 27, 2014, SNMH agreed to guaranty to AMS and its successors and assigns prompt and complete payment of any and all obligations of SNSC under the Agreement (the "Guaranty").

4. This action concerns five (5) mortgage loans (the "Mortgages"), which have a repurchase price in excess of $1,800,000.00.

5. Defendants were duly noticed to cure or repurchase the Mortgages pursuant to the Agreement and Guaranty.

6. In addition to the remedies sought with respect to Defendants' breaches of the Agreement and Guaranty, Plaintiff is contractually entitled to reimbursement of all of the costs and expenses related to enforcement of Defendants' obligations, including but not limited to attorneys' fees and costs.

## PARTIES

7. Plaintiff is a Delaware limited liability company, registered to do business in New York with its principle place of business at 400 Madison Avenue, New York, New York 10017.

8. Defendant SNSC is an Alaskan corporation, with its place of business at 3232 5th Street, Eureka, California 95501.

9. Defendant SNMH is an Alaskan Corporation with is place of business at 3050 Westfork Drive, Baton Rouge, Louisiana 70816.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

11. Venue is proper in this District under 28 U.S.C. §§ 1391(a)(2) and 1391(a)(3) and as contractually agreed to by the parties in this action.

## STATEMENT OF FACTS

### Sale of Mortgages

12. The Agreement was entered into by and between AMS and SNSC on or about February 27, 2014. The Agreement defined the term "Purchaser" as AMS "and its successors and assigns". Plaintiff is the successor of AMS, and validly attained and asserted the rights of Purchaser under the Agreement in connection with Plaintiff's dealings with SNSC.

13. The Agreement provided for the sale of servicing rights for certain mortgages.

### Repurchase Demands by FannieMae

14. Plaintiff agreed to a sale of mortgages to FannieMae, while retaining the servicing rights for such mortgages on behalf of FannieMae.

15. The mortgages sold to FannieMae, and the related servicing rights, are the subject mortgages of the Agreement with Defendants.

16. FannieMae enumerated in its agreement with Plaintiff specific requirements for mortgages that it will purchase. The representations and warranties in the Agreement provide that all of the mortgages sold pursuant to the Agreement comply with FannieMae's requirements.

17. SNSC failed to comply with various underwriting guidelines, which are required by FannieMae, resulting in FannieMae's repurchase demands to Plaintiff.

18. FannieMae issued repurchase demands on the Mortgages, resulting from SNSC misrepresenting crucial factors regarding the Mortgages.

19. SNSC's misrepresentations are a breach of § 3.01(p) of the Agreement, which provides that the Mortgages are in compliance, *inter alia*, with FannieMae's requirements and guides.

20. FannieMae may issue repurchase demands for other mortgages sold to Plaintiff by SNSC in connection with the Agreement for which Plaintiff intends to seek damages in this action.

**Defendants' Contractual Obligations**

21. Pursuant to § 3.01 of the Agreement, SNSC made representations, warranties and covenants that, among other things: (i) all of the necessary documentation with respect to the servicing of the Mortgages as required by FannieMae are included in the files for the Mortgages; and (ii) the Mortgage Loans were originated in compliance with applicable law and with FannieMae's requirements.

22. The representations and warranties in the Agreement were meant to ensure that the Mortgages satisfied certain essential characteristics that demonstrated the quality and value of the Mortgages and their eligibility with FannieMae.

23. The representations and warranties made by SNSC directly impacted both the price at which Plaintiff purchased the Mortgages and the value of same.

24. SNSC accepted the risk that if any of the representations and warranties were breached, and if SNSC failed to remedy such breach, then the Defendants would bear the consequences of that breach by having to repurchase the defective Mortgages from Plaintiff.

25. The representations and warranties were, and are, material to the value of the Mortgages, because they concern eligibility with FannieMae, which directly impacts the quality and value of the Mortgages. Such factors include variables, such as a borrower's ability to timely repay a loan, as well as the sourcing of the funds.

26. The breaches of the representations and warranties materially and adversely affected the value of the Mortgages, because same were below the standard represented by SNSC, which caused FannieMae to issue repurchase demands.

**Guaranty by SNMH**

27. The Guaranty is an irrevocable document, which cannot be discharged during the first five (5) years following execution, and covers the obligations of SNSC under the Agreement.

28. The Guarantor, SNMH, specifically guarantees to reimburse Plaintiff for any reasonable fees, attorneys' fees, costs, and the amounts owed by SNSC "without deduction, abatement, recoupment, reduction, set-off or counterclaim[.]"

29. The Guaranty provides for it to be governed by and construed in accordance with the laws of the State of New York.

**Defendants' Repurchase Obligation**

30. Pursuant to § 6.04 of the Agreement, if Plaintiff is required by FannieMae to repurchase a mortgage, or the Mortgages, then Defendants shall repurchase the Mortgages and make Plaintiff whole, including paying any compensatory fees and attorneys' fees borne by Plaintiff.

31. Pursuant to the Agreement, amounts due under § 6.04 will incur interest at an annual rate of one month LIBOR plus five percent.

**Notice Concerning Repurchasing and Making Plaintiff Whole**

32. Defendants were provided with notice of FannieMae's repurchase demands either the day Plaintiff received such notification from FannieMae, or shortly thereafter.

33. In fact, Plaintiff sent Defendants multiple notices concerning the Mortgages.

**Defendants' Refusal to Comply With Their Repurchase and Make Whole Obligations**

34. Defendants have refused to comply with their contractual repurchase and make whole obligations. Defendants have not repurchased the Mortgages, nor sought to make Plaintiff whole, and the applicable cure or repurchase periods have since expired.

35. Defendants' refusal to make Plaintiff whole and repurchase the Mortgages in the face of irrefutable evidence of breaches identified by Plaintiff and sent to Defendants demonstrates a complete disregard of contractual duties and obligations.

## FIRST CAUSE OF ACTION
### (Breach of Contract against Defendants – Specific Performance)

36. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 35 above as if fully set forth herein.

37. The Agreement and Guaranty are valid and enforceable contracts by and between Defendants and Plaintiff.

38. Plaintiff has performed all of its obligations under the Agreement.

39. Defendants made certain representations and warranties under the Agreement and Guaranty, which they have breached.

40. The Agreement pursuant to § 6.04, requires Defendants to repurchase Mortgages within five (5) business days prior to the repurchase or make whole date, which is set forth in the respective FannieMae notices for repurchasing.

41. Plaintiff notified Defendants of their obligation to cure or repurchase the Mortgages.

42. Pursuant to the Agreement and Guaranty, Defendants are required to repurchase the Mortgages at the contractually specified price or at a make-whole price. However, Defendants have refused to repurchase any of the Mortgages or to otherwise comply with their repurchase obligations.

43. Defendants breached the Agreement and Guaranty.

44. Plaintiff has reason to believe additional loan files may result in the need for repurchasing, and that Defendants will similarly fail to acknowledge and comply with their obligations under the Agreement and Guaranty.

45. Pursuant to § 6.04 of the Agreement, and in the absence of any other remedy at law, Plaintiff is entitled to specific performance of Defendants' repurchase requirement, at a repurchase price to be established at trial in accordance with the Agreement.

## SECOND CAUSE OF ACTION
**(Breach of Contract against Defendants)**

46. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 45 above as if fully set forth herein.

47. The Agreement and Guaranty are valid and enforceable contracts by and between Defendants and Plaintiff.

48. Plaintiff has performed all of its obligations under the Agreement.

49. Defendants breached the Agreement and Guaranty, by failing to repurchase and make Plaintiff whole, even though Defendants made certain representations and warranties, which were inaccurate and caused FannieMae to issue repurchase demands.

50. Defendants have failed to repurchase the Mortgages or to otherwise comply with their repurchase obligations.  Defendants are required to repurchase the Mortgages at the contractually specified price or at a make-whole price.

51. Defendants' breaches materially and adversely affect the value of the Mortgages.

52. Defendants have failed and refused to perform their repurchase and make-whole obligations.

53. Plaintiff has been forced to repurchase or pay a repurchase alternative fee for the Mortgages.

54. Plaintiff is entitled to recover any and all compensatory, consequential, and equitable damages in an amount to be determined at trial, but believed to be in excess of $2,000,000.00 for the losses caused by Defendants' breaches and failures.

### THIRD CAUSE OF ACTION
**(Breach of Contract against Defendants – Indemnification)**

55. Plaintiff incorporates by reference paragraphs 1 through 54 above as if fully set forth herein.

56. The Agreement provides that Defendants must reimburse Plaintiff for any expenses, attorneys' fees and costs reasonably incurred in connection with enforcing its remedies under same.

57. The Guaranty provides for Plaintiff to be reimbursed by the Guarantor for any reasonable fees, attorneys' fees, costs, and amounts owed by SNSC "without deduction, abatement, recoupment, reduction, set-off or counterclaim[.]"

58. Plaintiff has incurred and will continue to incur expenses, costs and fees in seeking to have Defendants comply with their obligations under the Agreement and Guaranty.

59. Accordingly, Plaintiff has been damaged and will continue to be damaged in an amount to be determined at trial, but believed to exceed $1,000,000.00.

60. Therefore, Plaintiff is entitled to be reimbursed for its expenses in enforcing its remedies, including the costs of this action, attorneys' fees and other such expenses.

## **PRAYER FOR RELIEF**

    **WHEREFORE**, Plaintiff demands judgment as follows:

    A.    On the First Cause of Action, specific performance by Defendants of their contractual obligations to repurchase the Mortgages;

    B.    On the Second Cause of Action, damages to Plaintiff, in an amount to be determined at trial, but believed to exceed $2,000,000.00, for the losses caused by Defendants' breaches and failures to comply with their obligations pursuant to the Agreement, including any and all compensatory, consequential and/or equitable damages;

    C.    On the Third Cause of Action, reimbursing Plaintiff for its expenses in enforcing its remedies, including the costs of this action, attorneys' fees and other such expenses, but believed to exceed $1,000,000.00;

    D.    An award of pre-judgment and post-judgment interest; and

    E.    Such other and further relief as this Court deems just and proper.

Dated: Valley Stream, New York
         September 10, 2015

                                  **ROSENBERG & STEINMETZ PC**
                                  *Attorneys for Plaintiff*

                                  By:    /S/
                                       Rachelle Rosenberg
                                  181 South Franklin Avenue, Suite 103
                                  Valley Stream, New York 11581
                                  Tel. (212) 743-9904
                                  E-mail: rrosenberg@rspclawyers.com